John **MYERS**, Jr.; Robert **Sparks**, Jr., **Plaintiffs-Appellants,**

v.

**ACE HARDWARE, INC.,**
**Defendant-Appellee.**

No. 84–3294.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1985.
Decided Oct. 22, 1985.

---

Robert J. Affeldt, argued, St. Petersburg, Fla., for plaintiffs-appellants.

Theodore M. Rowen, Spengler, Nathanson, Heyman, McCarty and Durfee, Toledo, Ohio, James F. Hendricks, Jr., argued, Oak Brook, Ill., for defendant-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

Myers and Sparks, plaintiffs in this race discrimination action, appeal various orders and judgments of the District Court. Appellants' notice of appeal indicates that they would have this Court review: (1) the District Court's dismissal of their class action claims on August 10, 1982; (2) the refusal of the District Court to compel discovery; (3) the dismissal of their individual claims pursuant to an approved settlement on November 21, 1983; and (4) the grant of attorney's fees and costs to the defendant-employer Ace Hardware on March 15, 1984. Because we find that the notice of appeal was not timely filed pursuant to F.R.A.P. Rule 4(a), we dismiss for want of appellate jurisdiction.

## I.

On April 21, 1981, Myers and Sparks filed suit against Ace Hardware Corporation ("Ace" or "Defendant") in U.S. District Court for the Northern District of Ohio. Myers and Sparks, both black, alleged violations of 42 U.S.C. § 1981. More specifically, they claimed race discrimination on the basis of defendant's hiring and assignment practices, promotion practices, transfer and upgrading, job assignment and practices related to enforcement of company rules and discharge practices. The case was filed as a class action under Rule 23 of the Federal Rules of Civil Procedure. The District Court granted leave to amend the complaint to include Title VII (42 U.S.C. § 2000e *et seq.*) allegations after both plaintiffs received right-to-sue letters from the EEOC.

Ace Hardware owns and operates a chain of national hardware stores. Its corporate headquarters are in Oak Brook, Illinois.

The allegedly discriminatory policies were claimed to be corporate-wide.

From the outset, it appears that both parties vigorously disputed the scope of necessary and proper discovery in the case. In short, the central dispute concerned whether or not discovery should be limited to the facility in which plaintiffs worked.

On June 17, 1981, Ace filed a Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6). In its motion Ace argued that plaintiffs' work records were so poor that they could not represent the proposed class of black employees and also could not maintain individual actions.

On August 10, 1982, the District Court dismissed the class action allegations, allowed plaintiffs to proceed with the individual actions and denied plaintiffs' request to compel discovery. On August 12, 1982 the District Court entered an order further clarifying the August 10, 1982 order.

On August 13, 1982 plaintiffs filed a Motion for Reconsideration which was denied on September 13, 1982. Plaintiffs then filed a Motion for Recusal which was denied on November 23, 1982.

From November, 1982 to November, 1983 there was little activity on this case. The Docket Sheet reflects: (1) the district court denied defendant's Motion for Costs on March 7, 1983; (2) notice of a pretrial conference was given on May 2, 1983; (3) a pretrial order and an entry of appearance by plaintiffs' co-counsel was filed on May 25, 1983; and (4) a Stipulation to Dismiss was filed by the parties on November 18, 1983.

There is substantial dispute over the nature of events during this November 1982–November 1983 period. Ace maintains that plaintiffs' attorney, Robert Affeldt ("Affeldt") lost all interest in pursuing this case after November, 1982. Plaintiffs insist, however, that Affeldt's co-counsel, attorney William Moore ("Moore") took over partial responsibility for the case and, without Affeldt's approval, stipulated to a settlement.

What is clear is that shortly after the pre-trial conferences on May 25, 1983 (which Moore attended and Affeldt did not), settlement negotiations commenced, and resulted in an approved settlement and dismissal on November 21, 1983. Plaintiffs claim that Moore's entry of appearance as co-counsel was done without Affeldt's knowledge or permission. They further insist that while Affeldt was vacationing in Florida, Moore settled the case without permission. Moore apparently informed Affeldt by letter dated November 22, 1983 that he had settled this and other cases pending against Ace, received and disbursed settlement monies and was vacating their shared office space.

Plaintiffs now claim they were coerced into signing the requisite release forms, and that "without the full knowledge and consent" of plaintiffs or the court, Moore conspired to fraudulently resolve the case.

After the district court dismissed the case with prejudice on November 21, 1983, the nature and focus of this litigation appears to have changed. As the district court noted, "Attorney Robert J. Affeldt has repeatedly attempted to use this forum to collect attorneys' fees from his co-counsel," after November 21, 1983.

On December 1, 1983 Plaintiffs filed a motion for a TRO which was denied on the same day by the district court. On December 6, plaintiffs filed a motion requesting an evidentiary hearing. On December 12, 1983 Plaintiffs moved for attorneys' fees. The motion for attorneys' fees was denied on December 23, 1983. The district court held an evidentiary hearing on December 28 and 29, 1983. Myers and Sparks testified as to the circumstances surrounding the settlement and the execution of their releases. At the evidentiary hearing the court limited evidence to:

> the presentation of evidence of fraud committed by defendant Ace Hardware with reference to the settlement agreement. The express language of Rule 60(b) clearly excludes from consideration the allegations of co-counsel misconduct or fraud. The Court will, therefore, not

entertain any evidence as to the dispute between plaintiffs' attorneys.

At the conclusion of the hearing the Court ruled that:

> There has been no evidence of any fraud on behalf of Ace Hardware, any misrepresentation, and on that basis there is no authority under the Rule [60(b)(3)] for the Court to set aside this dismissal entry, and that will be the order of the Court.

Thus, the Rule 60(b) motion was denied. At the hearing, Ace moved for attorneys' fees pursuant to F.R.C.P. Rule 11. The Court took Ace's motion under advisement.

On January 11, 1984 plaintiffs moved for reconsideration of the December 29, 1983 Order. This request was denied on March 15, 1984; on the same day the district court granted Ace's motion for attorney's fees and directed Ace to file affidavits showing costs within ten (10) days.

On March 23, 1984 plaintiffs filed motions asking the court to: (1) reconsider newly discovered evidence; (2) stay its final order; (3) extend time to respond to motion for attorney's fees and costs. On March 27, 1984 the district court denied all of these motions.

On April 10, 1984 plaintiffs filed a notice of appeal of the dismissal (on August 10, 1982) of the class action; the refusal of the district court to compel discovery and hold defendant in contempt; the dismissal (on November 21, 1983) of the two individual actions following settlement; and the grant of attorney's fees and costs of defendant.

We recount the various details of procedural history here because they are critical to our determination that plaintiffs' April 10, 1984 notice of appeal, was filed too late to invest this Court with jurisdiction for appellate review.

## II.

Rule 4 of the Federal Rules of Appellate Procedure reads in pertinent part:

> (a) Appeals in Civil Cases.
>
> (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.
>
> \*    \*    \*    \*    \*    \*
>
> (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

██ An untimely appeal leaves the reviewing court without jurisdiction to hear the appeal. *Berman v. United States,* 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964), *reh. denied,* 379 U.S. 871, 85 S.Ct. 14, 13 L.Ed.2d 77 (1965); *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *Lindsey v. Perini,* 409 F.2d 1341 (6th Cir.1969); *Moorer v. Griffin,* 575 F.2d 87 (6th Cir.1978); *EEOC v. K-Mart Corp.,* 694 F.2d 1055 (6th Cir.1982); *Pryor v. R.C. Marshall,* 711 F.2d 63 (6th Cir.1983); *Denley v. Shearson/American*

*Express, Inc.*, 733 F.2d 39 (6th Cir.1984); *Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440 (6th Cir.1985).

■ Plaintiffs correctly point out that certain post-decision motions will toll Rule 4's 30-day requirement. Specifically, these are Civil Rule 52(b) (motion to amend findings or make additional findings); Civil Rule 59(b) (motion for a new trial); and Civil Rule 59(e) (motion to alter or amend a judgment). However, a post-decision motion only tolls the 30-day requirement if it is timely filed. And in such a case as this any of the tolling motions must be filed within 10 days after entry of the judgment.

> The untimely filing of such a [post-decision] motion has no effect on appeal time; the time remains as fixed in Rule 4(a)(1)—within 30 days after entry of the judgment.... In view of the characterization of timely filing of the notice of appeal as "mandatory and jurisdictional," a mistake on this score is normally fatal.

9 Moore's Federal Practice ¶ 204.12[2].

■ The instant case is before us on an appeal filed by the plaintiffs on April 10, 1984. The amended complaint and every cause of action were dismissed with prejudice after the settlement on November 21, 1983. There is no question but that plaintiffs failed to appeal the dismissal order within 30 days as required by Rule 4. Since the 30 day requirement can only be terminated by the filing of a timely motion pursuant to Rule 50(b), Rule 52(b) or Rule 59, and plaintiffs failed to do this, this Court is without jurisdiction to hear the case.

Plaintiffs argue that this Court has jurisdiction under Civil Rules 60(b)(2) and 60(b)(3). Rule 60(b) reads in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have

been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

The parties are in agreement that Plaintiffs filed a Rule 60(b) motion within one year from the entry of the final order (November 21, 1983). However, they disagree strongly as to the effect of that motion. On December 6, 1983 Plaintiffs filed a "Motion For An Evidentiary Hearing to Determine the Validity of Settlement Agreement." No Federal Rule of Civil Procedure was cited. The District Court noted:

> In the motion for evidentiary hearing to determine the validity of the settlement agreement, the plaintiffs fail to articulate the specific rule under which the motion was made. Arguably, the plaintiffs' motion was made pursuant to either Rule (59)(e)—motion to alter or amend—or Rule 60(b)—relief from judgment or order. A motion under Rule 59(e) must be 'served not later than 10 days after entry of judgment.' Clearly, in the instant case, a Rule 59(e) motion would be untimely. Accordingly, the Court will construe plaintiffs' motion for hearing as a motion for relief under Rule 60(b)....

(Memorandum and Order dated December 23, 1983, Pp. 2–3).

Plaintiffs argue that this 60(b) motion was timely filed and terminated the 30 day requirement. They also direct attention to the motion for reconsideration filed on January 11, 1984. Plaintiffs characterize this motion as one filed pursuant to Rule 59(e). However, Plaintiffs' January 11, 1984 motion is apparently silent as to any applicable Rule of Civil Procedure. Moreover, this motion was filed *more* than ten days after the District Court's December 24, 1983 order. Plaintiffs merely recite this procedural history and assert that this Court has jurisdiction. No case law is cited.

Second, Plaintiffs argue that Rule 4's 30-day requirement is inapplicable where a

judgment or order is obtained by means of fraud on the court. They direct our attention to no cases directly on point, and merely argue that if fraud is proven, the plaintiffs and/or class members can appeal at any time because there is no legal judgment to which the 30-day rule is applicable.

◼ Lastly, Plaintiffs maintain that the district court "illegally" dismissed the class action on August 10, 1982. Plaintiffs insist that when the case was settled and dismissed on November 21, 1983, the class (which the court had refused to certify) still existed anyway and was entitled to notice of the settlement. Each class member, they argue, gets 30 days to appeal once he *knows* of the settlement and this 30 days has not yet begun to run since there was no notice. Obviously, this court cannot obtain jurisdiction over this case by first determining if the lower court erred in refusing to certify the class. For this reason we do not consider plaintiffs' third argument.

### III.

A. *Jurisdiction Under the Rule 60(b) Motion*

◼ The district court treated plaintiffs' December 6, 1983 motion as a Rule 60(b) motion. Plaintiffs initially argued in their Memorandum in Opposition to Motion to Dismiss before this Court (filed May 31, 1984) that the district court erred, and that the motion was filed pursuant to Rule 59(e). In their brief before this Court, plaintiffs appear to have abandoned this approach which was clearly untenable.[1] They now argue that since the Rule 60(b) motion was filed within one year of the November 21, 1983 order, this Court has jurisdiction. This argument, too, will not support a finding of jurisdiction under F.R. A.P. Rule 4(a). Only motions timely filed pursuant to Rules 50(b), 52(b) or 59 can do this.

B. *Jurisdiction Under the Rule 59(e) Motion*

◼ Plaintiffs' contention that their January 11, 1984 motion, filed pursuant to Rule 59(e), is a source of jurisdiction for this court is without merit. The January 11, 1984 motion was filed more than 10 days after the order of December 29, 1983 and was, therefore, invalid as a Rule 59(e) motion.

C. *The Effect of Fraud on Rule 4(a)*

◼ Plaintiffs argue that Rule 4(a)'s 30-day requirement is inapplicable when an order is obtained by means of fraud. We note, initially, that the rule itself does not provide for extensions in cases of fraud. The cases plaintiffs cite are inapposite.

Plaintiffs argue that because the judgment was obtained by fraudulent means and is therefore void, it is appealable at any time. They further insist that the absent class members did not get their "day in court" and that this violates the constitutional right to due process.

This argument is wholly irrelevant to the question of appellate jurisdiction. Plaintiffs offer neither case law nor compelling arguments which suggest that the 30 day requirement of F.R.A.P. Rule 4(a) may be tolled indefinitely by allegations of fraud. Moreover, this Court may not hear the "new evidence" which plaintiffs claim will support their allegations of fraud.

D. *The Appeal of Attorneys' Fees*

◼ Plaintiffs' notice of appeal also appeals the district court's order granting to defendant Ace attorneys' fees and costs. However, the district court has not determined the amount to be awarded.

Ace argues that this issue is not ripe for appeal. Plaintiffs *concede* that "this issue of attorney's fees is premature and not a

---

1. Plaintiffs maintained that lack of knowledge tolled the 10 day period in which a Rule 59(e) motion must be served.

   Rule 6(b) of F.R.C.P. provides that no extension may be had for filing a Rule 59(e) motion.

Since the motion was not served within 10 days it failed to toll the 30-day requirement of F.R. A.P. Rule 4(a).

final judgment." (Appellants' Brief, at 41.) What plaintiffs apparently object to is the district court's denial of their Rule 60(b) motion. As noted above, this Court is without jurisdiction to review that matter.

For the reasons set forth above, plaintiffs' appeal is dismissed for want of jurisdiction with respect to the first three issues raised. Since the parties agree that the attorney's fees award is not a final judgment, we dismiss it, too, as premature.