787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD R. MATHENY, INDIVIDUALLY AND ON BEHALF OF ALL OTHER
PERSONS SIMILARLY SITUATED, Plaintiff-Appellant,
v.
TENNESSEE STATE UNIVERSITY (TSU); FREDERICK S. HUMPHRIES,
INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF TSU;
BERNARD G. CROWELL, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS VICE PRESIDENT FOR ACADEMIC AFFAIRS; ROBERT J.
HUDSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEAN OF
THE SCHOOL OF ARTS AND SCIENCES; CHARLES SAMPSON,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
GOVERNMENT AND PUBLIC AFFAIRS; Defendants-Appellees.
 84-6119
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 APPEAL DISMISSED
 M.D.Tenn.
 ORDER
 BEFORE: KENNEDY, CONTIE and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of appellant's response to this Court's order to show cause why the appeal should not be dismissed as untimely filed.
 
 
 2
 The judgment from which appellant attempted an appeal was entered August 31, 1984. The notice of appeal was filed December 18, 1984-78 days late. Rule 4(a), Federal Rules of Appellate Procedure. Although appellant filed and served a motion to reconsider on September 14, 1984, the motion did not toll the time for filing a notice of appeal because it was not served within 10 days of entry of judgment--September 10, 1984. Rule 59(e), Federal Rules of Civil Procedure; Myers v. Ace Hardware, 777 F.2d 1099 (6th Cir. 1985). Likewise, appellant's motion for an extension of time in which to file a notice of appeal was ineffective because it was filed on December 18, 1984, not within the 30 days of the date that the notice of appeal was due--September 30, 1984. Rule 4(a)(5), Federal Rules of Appellate Procedure.
 
 
 3
 Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory jurisdictional requirement which this Court can neither waive nor extend. Peake v. First Nat'l Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(c), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time in which the notice of appeal is required to be filed.
 
 
 4
 Since appellant failed to timely file a notice of appeal, this Court is deprived of jurisdiction over the matter.
 
 
 5
 Therefore, it is ORDERED that the appeal be and hereby is dismissed.