803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID CULP, Petitioner-Appellant
v.
TONY R. YOUNG, WARDEN, Respondent-Appellee.
 No. 86-5957.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1986.
 
 1
 BEFORE: KEITH, MERRITT and NORRIS, Circuit Judges
 
 ORDER
 
 2
 The petitioner, David Culp, is appealing the August 16, 1985, order of the district court granting his petition for habeas corpus relief.
 
 
 3
 The petitioner was an inmate at the Federal Correctional Institution, Memphis, Tennessee. He filed a habeas corpus petition on July 24, 1984, challenging a prison disciplinary hearing. A September 13, 1983, prison incident report charged the petitioner with possession of marijuana. The Institution Discipline Committe (IDC) found the petitioner guilty on December 23, 1983, and ordered him to serve 30 days in disciplinary segregation and to forfeit 30 days statutory good time.
 
 
 4
 The habeas corpus petition alleged that the petitioner's due process rights were violated because he was denied the effective assistance of staff representation and because there was insufficient evidence to find him guilty of a disciplinary infraction. The petitioner also claimed that the IDC relied on information from a confidential informant without providing the petitioner with a statement as to the reliability of the informant.
 
 
 5
 On August 16, 1985, the district court granted the petition for habeas corpus. The district court ordered that a new disciplinary hearing be granted to the petitioner within 30 days of the order. The district court found that the petitioner failed to prove by a preponderance of the evidence that information was provided to the prison officials by an informant. The court granted the petition because the evidence indicated that the IDC report was not that of the fact finders.
 
 
 6
 The respondent served a timely motion to reconsider pursuant to Federal Rules of Civil Procedure 52(b), 59 and 60 on August 21, 1985. A notice of appeal was filed on October 8, 1985. The district court denied the motion on October 23, 1985.
 
 
 7
 This Court has held that a timely motion to reconsider may properly be treated as a Rule 59(e) motion to alter or amend judgment. Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). The time for appeal was thereby extended to the entry of the order granting or denying such motion. Federal Rule of Appellate Procedure 4(a)(4). The motion tolled the running of the time to appeal to this Court. Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1103 (6th Cir. 1985); Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1018-19 (6th Cir. 1983). The motion was granted on October 23, 1985. A notice of appeal filed before the dispostion of a motion to alter or amend judgment shall have no effect. Federal Rule of Appellate Procedure 4(a)(4). This Court lacks jurisdiction over the appeal because the notice of appeal was premature. Griggs v. Provident Consumer Discount Company, 459 U.S. 56 (1982).
 
 
 8
 Accordingly, it is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction.