805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AKRON CENTER FOR REPRODUCTIVE HEALTH, an Ohio Corporation;
Max Pierre Gaujean, M.D., Individually and on Behalf of his
Patients; Patty Poe, a Minor, Individually and on Behalf of
all other Similarly Situated Persons, Plaintiffs- Appellees,
v.
Lynn SLABY, et al., Defendants,
v.
STATE OF OHIO, Intervenor-Appellant.
 No. 86-3469, 86-3517, 86-3664 and 86-3717.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 On March 21, 1986, plaintiffs filed a class action which attacked the constitutionality of Section 2919.12, Ohio Revised Code. By opinion and order of April 22, 1986, the district court found the legislation to be violative of the Due Process Clause of the Fourteenth Amendment and consequently enjoined defendants Slaby and Rosen from enforcing the statute.
 
 
 2
 On May 5, 1986, plaintiffs filed and served a motion, pursuant to Rule 59(e), Federal Rules of Civil Procedure, to alter or amend the judgment of April 22, 1986. The motion sought a class certification of all Ohio city prosecutors as defendants in the action. Before the district court could rule on the motion to alter or amend, the State of Ohio filed a notice of appeal on May 19, 1986. That appeal has been docketed in this Court as Case No. 86-3469. On June 2, 1986, defendant Slaby filed a notice of appeal from the order of April 22, 1986. That appeal has been docketed in this Court as Case No. 86-3517.
 
 
 3
 The district court determined that the motion to alter or amend the judgment of April 22, 1986, was properly taken and on July 1, 1986, entered an opinion and order granting the motion to alter or amend the order of April 22, 1986. The district court certified all Ohio city prosecutors as a class and permanently enjoined the class from enforcing the statute.
 
 
 4
 On July 7, 1986, the State of Ohio filed a notice of appeal from the orders of April 22, 1986, and July 1, 1986. That appeal has been docketed in this Court as Case No. 86-3664. Likewise, defendant Slaby filed a notice of appeal from those orders and that appeal has been docketed in this Court as Case No. 86-3717.
 
 
 5
 Pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days of entry of the district court judgment. If a timely motion to alter or amend (pursuant to Rule 59, Federal Rules of Civil Procedure) is filed, the time for appeal for all parties runs from the entry of the order granting or denying such motion. Rule 4(a)(3), Federal Rules of Appellate Procedure. A new notice of appeal must be filed within the time prescribed from the entry of the above mentioned order. Id.
 
 
 6
 Absent any time-tolling motions, the notices of appeal from the order of April 22, 1986, would have been due by May 22, 1986. The plaintiffs' Rule 59(e), Federal Rules of Civil Procedure, motion to alter or amend that judgment was filed and served on May 5, 1986. According to Rule 59(e), Federal Rules of Civil Procedure, a motion to alter or amend judgment must be served not later than 10 days after entry of judgment. See Myers v. Ace Hardware, 777 F.2d 1099 (6th Cir.1985). Rule 6(a), Federal Rules of Civil Procedure, provides that weekends and holidays shall be excluded in computing the time allowed when the time prescribed is less than 11 days. Application of Rule 59(e), Federal Rules of Civil Procedure, and Rule 6(a), Federal Rules of Civil Procedure, leads to the conclusion that plaintiffs' motion to alter or amend was timely served and therefore tolled the time for filing a notice of appeal for all parties. Consequently, the notices of appeal in Case Nos. 86-3469 and 86-3517 (filed while the Rule 59(e) motion was pending) are premature and are dismissed. Such dismissal will have no effect on the perfected appeals in Case Nos. 86-3664 and 86-3717.
 
 
 7
 It is ORDERED that the appeals in Case Nos. 86-3469 and 86-3517 be and hereby are dismissed.