816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil S.A. JABBAR, Plaintiff-Appellant,
v.
Steve NORRIS, et al., Defendants-Appellees.
 No. 87-5133.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellees move to dismiss this appeal as being filed in an untimely fashion. The appellant has responded to the motion to dismiss.
 
 
 2
 On July 29, 1986, the district court entered a judgment dismissing the appellant's civil rights action. A motion for relief from that order was served by the appellant on August 7, 1986, and properly considered as a motion to reconsider by the district court. As such, it tolled the time for filing a notice of appeal until a ruling on the motion was made. Rule 4(a)(4), Federal Rules of Appellate Procedure.
 
 
 3
 On August 25, 1986, appellant filed an initial notice of appeal from the July 29, 1986 order. This Court dismissed that appeal as premature by an order entered December 16, 1986. See Myers v. Ace Hardware, 777 F.2d 1099 (6th Cir.1985).
 
 
 4
 On November 12, 1986, the district court entered an order denying appellant's motion to reconsider. Notice of appeal from that order was due within thirty days after the date of entry of the order--December 12, 1986. Rule 4(a), Federal Rules of Appellate Procedure. On December 23, 1986, eleven days later, the appellant filed a notice of appeal in district court. No extension of time in which to file a notice of appeal was requested by the appellant or granted by the district court. Because the appellant failed to file his notice of appeal from the November 11, 1986 order in a timely fashion, this Court lacks jurisdiction to entertain this appeal. Peake v. First National Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983).
 
 
 5
 In his response to appellees' motion to dismiss, appellant maintains that his legal mail was improperly mailed to the Turney Center Prison rather than the Tennessee State Prison in Nashville, where appellant is presently incarcerated. Appellant does not allege that this circumstance resulted in his receiving notice of the district court's judgment in an untimely fashion. However, even if this were so, it could not relieve him from his failure to timely appeal. The lack of notice of the entry of a judgment by the clerk does not affect the time to appeal or relieve a party from his failure to appeal within the time allowed. Rule 77(d), Federal Rules of Civil Procedure. Nor may this Court enlarge the time for filing a notice of appeal. Rule 26(b), Federal Rules of Appellate Procedure. As no motion for an extension of time to file the notice of appeal was requested or granted in the district court, appellant's notice of appeal was untimely and deprived this Court of jurisdiction.
 
 
 6
 Accordingly, this appeal is dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.