826 F.2d 1062
 44 Fair Empl.Prac.Cas. 1671,
45 Fair Empl.Prac.Cas. 1080,
43 Empl. Prac. Dec. P 37,309
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ann BRUNET, et al., Plaintiffs-Appellees; Cross-Appellants,
v.
CITY OF COLUMBUS, OHIO, et al., Defendants-Appellants;
Cross-Appellees.
 Nos. 86-3557, 86-3603
 United States Court of Appeals, Sixth Circuit.
 August 25, 1987.
 
 Before CORNELIA G. KENNEDY, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellants/cross-appellees the City of Columbus, et al. ('City') and plaintiffs-appellees/cross-appellants Ann Brunet, et al. ('applicants') appeal the District Court's interlocutory judgments of May 11, 1986 and May 30, 1986. Because we find that this Court no longer has jurisdiction to hear this appeal and cross-appeal, we dismiss them.
 
 
 2
 Plaintiffs Ann Brunet, Lynn Walters, Rebecca Schumacher and Edwina Hornung and the class they represent challenge the tests that the City has used to hire firefighters since 1975. The named plaintiffs took the tests administered in 1980 and 1984, none of them was selected to be a firefighter. They alleged in a two-count complaint that the 1980 and 1984 tests discriminated against women in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. ('Title VII'), and 42 U.S.C. Sec. 1983. They sought injunctive and back pay relief on behalf of themselves and the women they represent.
 
 
 3
 On May 11, 1986, the United States District Court for the Southern District of Ohio entered a judgment for the City on the section 1983 claim. The court also filed separate judgments for the City on the Title VII claim with respect to the 1980 test, and a judgment for the applicants on the Title VII claim with respect to the 1984 test even though these claims were not made in separate counts nor were the various years' tests separate claims.[1] On June 26, 1986, the District Court entered a judgment nunc pro tunc to May 30, 1986 with respect to the remedy for the Title VII violation found, ordering the parties to comply with the following terms and conditions of the District Court's Opinion and Order of May 30, 1986:
 
 
 4
 1) the City was enjoined from hiring any entry level firefighters on the basis of its new, 1986, test until it had complied with the order;
 
 
 5
 2) the City was required to submit to the Court a report detailing expert analysis of the 1986 test.
 
 
 6
 3) if the Court found the 1986 test to be content valid, then the City was required to report to the Court the results of administering the 1986 test to the incumbent firefighters.
 
 
 7
 4) Once the City had formulated a content valid test and the Court had determined pass/fail scoring procedures, the City was required to administer the new test to all 1984 female applicants who responded to notice.
 
 
 8
 5) Once the City had completed the steps outlined above, they could hire on the basis of the results of the 1986 test. However, the City must hire males and females in proportion to the relative proportion of males and females achieving passing scores.
 
 
 9
 6) Since the applicants had prevailed in part upon an issue determining the rights of the parties, they could apply for interim fees.
 
 
 10
 The City and the applicants each appealed from these judgments. However, since the time of these orders the City has complied with the May 30, 1986 (June 26, 1986 nunc pro tunc order) order and the District Court has approved a new, 1986 test. Opinion and Order of June 12, 1987 at. 3.[2]
 
 
 11
 At the time of these judgments the District Court had not rendered a final decision. Indeed the litigation is still pending before the District Court. A final decision is one which 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' Catlin v. United States, 324 U.S. 229, 233 (1945). Since the District Court had not yet determined the legality of the City's new, 1986 test at the time of these appeals, it had not yet ended the litigation on the merits. Thus this Court has jurisdiction to hear these appeals only if they are from 'interlocutory order[s] . . . granting, continuing, refusing or dissolving injunctions or refusing to dissolve or modify injunctions' under 28 U.S.C. Sec. 1292(a)(1), if they fall within the collateral order doctrine, or if they are from judgments on separate counts and the District Court has certified in accordance with Fed. R. Civ. P. 54(b) that there is no just reason for delay. The District Court has not made any such certification. As to section 1292(a)(1), 'because Sec. 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule, '[u]nless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." Gillis v. United States Dep't of Health & Human Serv's., 759 F.2d 565, 567 (6th Cir. 1985) (quoting Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981)). A collateral order is appealable only if it conclusively determines the disputed question, resolves an important issue completely separate from the merits of the action and is effectively unreviewable on appeal from a final judgment. Stringfellow v. Concerned Neighbors in Action, 107 S. Ct. 1177, 1181-82 (1987).
 
 
 12
 The judgment of May 11, 1986 that the City's 1984 test violated Title VII is neither an injunction nor a collateral order. The District Court, by its judgment of May 30, 1987, enjoined the City from hiring on the basis of its new, 1986 test until it had complied with the order of May 30, 1986. That order required the City to develop a new, content-valid test, have the Court approve it, and administer it to the 1984 applicants. Once they had done that, the City could hire on the basis of the 1986 test, but they had to hire males and females in proportion to their presence in the group of candidates who had passed the test. This injunctive order was appealable. However, it is now moot. The City has complied with part of the order by developing a test which the District Court has found to be content-valid and by administering it to the 1984 applicants. At oral argument this Court inquired of the City as to whether there was any part of the order which had not already been performed. The City conceded that the only portion of the order which is not moot is the requirement that they hire a certain proportion of women. However, the present requirement to hire a certain proportion of women arises from the District Court's Opinion and Order of May 21, 1987. That later provision would require present hiring even if the court were to vacate the injunction of May 30, 1986. Thus the entire May 30th injunction is moot.
 
 
 13
 The City also appeals that portion of the District Court's Opinion and Order of May 30, 1987 which holds that the applicants had prevailed 'in part' for the purpose of interim fees. Since the District Court has not in fact awarded interim fees to the applicants, this appeal is premature. See, Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104-05 (6th Cir. 1985).
 
 
 14
 The applicants cross-appeal the District Court's finding that the City had not violated Title VII with respect to the 1980 test, the judgment for the City on the section 1983 claim, and subsidiary issue decided by the District Court in finding that the City had violated Title VII with respect to the 1984 test. Neither the judgment nor the findings meet the requirement for appealability and the applicants conceded this at oral argument.
 
 
 15
 Arguably the judgment that the City had not violated Title VII with respect to the 1980 test is an order refusing an injunction since the applicants requested relief in the form of an injunction. However, the applicants have not attempted to show that the order could have irreparable consequences, thus section 1292(a)(1) does not provide this Court with jurisdiction with respect to this claim. The collateral order doctrine is not relevant to any of these claims because they all relate directly to the merits of the action. The appellants may not appeal the District Court's findings on issues subsidiary to the judgment on the Title VII claim with respect to the 1984 test. The applicants cannot appeal the District Court's reasoning in reaching the judgment; appellate courts review judgments, not statements in opinions. California v. Rooney, No. 85-1835, slip op. at 3 (U.S. 1987) (per curiam).
 
 
 16
 Accordingly, the appeal is dismissed as moot. Each party will bear its own costs.
 
 
 
 [1]
 The District Court filed an opinion and order discussing these claims on May 13, 1986
 
 
 [2]
 In its Opinion and Order of May 21, 1987 the District Court repeated its order to hire males and females in proportion to their relative pass ratio on a rerised 1986 test. Opinion and Order of May 21, 1987 at 43