859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone DAVIS, Plaintiff-Appellant,
v.
HERMES AUTOMOBILE MANUFACTURING CO., Defendant-Appellee.
 No. 88-1688.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that appellant's June 10, 1988, conplaint was dismissed without prejudice pursuant to 28 U.S.C. Sec. 1915(d) on June 15, 1988. On June 24, 1988, appellant filed a document entitled "Appeal of Dismissal" and "Appeal to set aside Dismissal." That document was entered on the district court docket sheet as a notice of appeal and a copy transmitted to this court for docketing as provided by Fed.R.App.P. 3(d). The district court judge, however, treated the document which contains a request that the judgment be set aside and the case reopened as a timely motion for rehearing. By order filed June 28, 1988, the district court's dismissal was vacated and the case was reinstated to the district court's docket.
 
 
 3
 A motion seeking reconsideration brought within ten days of entry of a judgment is properly construed as a time-tolling Fed.R.Civ.P. 59(e) motion. Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-70 (5th Cir.) (en banc), cert. denied, 107 S.Ct. 398 (1986); Stern v. Shouldice, 706 F.2d 742, 746 (6th Cir.), cert. denied, 464 U.S. 999 (1983); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir.1982); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). The appellant's motion seeking to set aside the judgment and reopen the case was filed nine days after the decision and tolled the appeals period as provided by Fed.R.App.P. 4(a)(4). See Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1103 (6th Cir.1985); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018-20 (6th Cir.1983). The case has been reinstated in the district court and this appeal is premature.
 
 
 4
 It is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.