895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome MOWER, et al., Plaintiffs,
Daries Sherrills, Appellant,
v.
Richard SEITER, et al., Defendants-Appellees.
 No. 89-3925.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOINER, District Judge*.
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellant's response to this court's November 3, 1989, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. The appellees have replied to appellant's response.
 
 
 3
 A review of the documents before the court indicates that appellant filed notices of appeal on August 14, 1989, and October 2, 1989, from the district court's May 17, 1989, order denying appellant's motion to show cause to enforce the court's stipulated judgment and for an order of contempt. Any notice of appeal from the May 17 order was due to be filed on or before June 16, 1989. See Fed.R.App.P. 4(a) and 26(a). Although the August 14 notice of appeal dated August 8, 1989, was never forwarded to this court for docketing, such document was filed outside the appeal period. The October 2, 1989, notice of appeal dated September 28 was docketed in this court as appeal no. 89-3925. Such notice of appeal was filed more than three months outside the appeal period.
 
 
 4
 Appellant states that his notice of appeal was late because he did not learn of the district court's decision until September. Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal must be filed with the clerk of the district court within thirty days after the date of entry of the judgment or order appealed from. Federal Rule of Civil Procedure 77(d) provides "Lack of notice of the entry [of judgment] by the clerk does not affect the time to appeal or relieve ... a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Federal Rule of Appellate Procedure 4(a)(5) provides that the time for filing a notice of appeal may be extended only upon a motion to extend which is filed not later than thirty days after the original thirty-day appeal period. Although the notice of appeal alleged excusable neglect or good cause for the late filing of the document, it was not filed within thirty days of the expiration of the original thirty-day appeal period; therefore, no extension could be granted.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner Senior, U.S. District Judge for the Eastern District of Michigan, sitting by designation