929 F.2d 700
 1991 Copr.L.Dec. P 26,708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ACUFF-ROSE MUSIC, INC., Plaintiff-Appellant.
v.
Luther R. CAMPBELL, also known as Luke Skyywalker;
Christopher Wongwon, also known as Fresh Kid Ice; Mark
Ross, also known as Brother Marquis; David Hobbs, also
known as Mr. Mixx, professionally known as the 2 Live Crew
and Luke Skyywalker Records, Defendants-Appellees.
 No. 91-5232.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 1
 M.D.Tenn., 90-00524, Wiseman Jr. C.J.
 
 M.D.Tenn., 754 F.Supp. 1150
 
 2
 DISMISSED.
 
 
 3
 Before MILBURN and BOGGS, Circuit Judges; and GILMORE, District Judge.*
 
 ORDER
 
 4
 This action involves a claim by plaintiff for copyright infringement of its song, "Oh, Pretty Woman" and pendent tort claims. Defendants assert that their use of the copyrighted material constitutes fair use pursuant to 17 U.S.C. Sec. 107, and that the pendent tort claims are preempted by 17 U.S.C. Sec. 301. On August 24, 1990, defendants deposited $13,867.56 with the district court, contending that such funds constitute all sums owed to plaintiff under the Copyright Act.
 
 
 5
 The district court entered an order on January 14, 1991, granting defendants' motion for summary judgment, but reserving the issue of whether the money deposited by defendants is adequate payment to plaintiff. On February 19, 1991, the district court supplemented its prior order, stating that the January 14, 1991 order is not a final order and certifying that the order should be appealable pursuant to 28 U.S.C. Sec. 1392(b).
 
 
 6
 On February 11, 1991, plaintiff filed this appeal from the January 14, 1990 order. On March 1, 1991, plaintiff filed a petition for permission to appeal the same order pursuant to 28 U.S.C. Sec. 1292(b). That petition is pending before this court as Case No. 91-8507.
 
 
 7
 This court has a duty to consider sua sponte whether appellate jurisdiction is properly evoked. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 740 (1976); Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). As the January 14, 1991 order did not resolve the issue of the amount of money due to plaintiff for the fair use of the copyrighted material, the order is not final and this appeal is premature. See Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1105 (6th Cir.1985).
 
 
 8
 It therefore is ORDERED that this action is dismissed sua sponte for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. This dismissal will have no effect on plaintiff's pending petition for permission to appeal pursuant to 28 U.S.C. Sec. 1292(b).
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation