946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. STEWART, Petitioner-Appellant,
v.
Patrick W. KEOHANE, Warden, Respondent-Appellee.
 No. 90-6515.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1991.
 
 1
 Before RYAN, Circuit Judge, WELLFORD, Senior Circuit Judge, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Petitioner, William J. Stewart, appeals the district court's order denying Stewart's motion to reconsider his petition for immediate release from custody. Additionally, Stewart has filed a motion for bail pending his appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1980, Stewart pleaded guilty to two counts of assault with intent to commit rape with a dangerous weapon. He is presently confined at the Federal Correctional Institution in Memphis, Tennessee, serving a 30 year sentence imposed by the Superior Court of the District of Columbia.
 
 
 4
 On April 17, 1987, Stewart filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Stewart sought a review of his parole eligibility under District of Columbia laws, regulations and procedures, rather than under release criteria and procedures of the United States Parole Commission. A magistrate issued a report recommending that the writ be granted and that Stewart be given a parole hearing under D.C. laws and guidelines. On February 28, 1990, the district court filed an order adopting the magistrate's report and recommendation. The court ordered that Stewart be given a parole hearing applying D.C. law within 60 days from the date of the order adopting the magistrate's report and recommendation. The failure to do so would result in Stewart's release from custody.
 
 
 5
 On May 1, 1990, respondent filed a "Notice of Compliance With, Or In The Alternative, Motion For Extension Of Time To Comply With The Court's February 28, 1990, 'Order Adopting Report and Recommendation Of United States Magistrate.' " On August 15, 1990, Stewart filed a petition for immediate release from custody in the district court. The district court denied Stewart's petition for immediate release from custody because a petition for a writ of mandamus was pending in this court. Upon consideration of Stewart's motion to voluntarily dismiss his petition for a writ of mandamus, this court dismissed the petition for a writ of mandamus on September 7, 1990. In re Stewart, No. 90-8536, unpublished order (6th Cir. Sept. 7, 1990).
 
 
 6
 Thereafter, Stewart filed an amended petition for immediate release from custody. The district court summarily denied Stewart's amended petition for immediate release from custody. Stewart subsequently filed a motion to reconsider pursuant to Fed.R.Civ.P. 60(b)(6). On October 21, 1990, the district court denied the motion to reconsider. This timely appealed followed.
 
 
 7
 Upon review, we conclude that this court has jurisdiction over this appeal because the timely motion for reconsideration tolled the appeals period. See Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104 n. 1 (6th Cir.1985).
 
 
 8
 Upon further review, we affirm the district court's order because the record indicates that Stewart is not entitled to the relief he seeks. Although the district court's order denying Stewart's petition for immediate release fails to provide a sufficient basis for review, the record indicates that Stewart was provided with the relief contemplated by the district court's February 28, 1990, order. Respondent submitted undisputed evidence showing that while Stewart's initial § 2241 petition for habeas corpus relief was pending before the district court in 1989, the U.S. Parole Commission reversed its earlier parole decisions involving Stewart and ordered that Stewart be given a new parole hearing under D.C. parole guidelines. Thereafter, in April and October of 1989, Stewart was given two new parole hearings under D.C. parole guidelines.
 
 
 9
 Accordingly, the motion for bail is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation