960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MARTIN, Plaintiff-Appellant,
v.
Beverly WILLIAMS; Dana Hartman; Robert Brown; Ray Toombs;
Pete Vidor; Ray Palmer; Donald Mason; Mycheal
D. Evans-Palmer, Defendants-Appellees.
 No. 91-1058.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 1
 Before MERRITT, Chief Judge; RYAN, Circuit Judge, and FORESTER, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking only monetary relief, Morris Martin claimed that he was deprived rights secured by the constitution when prison mailroom employees opened and inspected mail outside of his presence and refused to deliver the contents to him. He sued defendants in their official and individual capacities.
 
 
 4
 On appeal, Martin reasserts that he was deprived constitutional rights by defendants' interference with his mail. He also seeks to appeal the district court's post-judgment order taxing costs.
 
 
 5
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 After determining that a letter marked "legal mail" did not originate from an attorney, the mailroom employees opened and inspected the letter outside of Martin's presence. They discovered that the letter contained lists of prisoners' names and addresses and information concerning those prisoners' litigation. Mailroom staff then determined that the contents were contraband and refused delivery to Martin. After he was notified of their decision, Martin forwarded complaints to prison officials about the interference with his legal mail.
 
 
 7
 Defendants are entitled to judgment as a matter of law. Martin failed to allege conduct of the prison officials that resulted in the interference with his mail. These supervisory officials are not subject to liability under a theory of respondeat superior. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 8
 The mailroom employees are also entitled to judgment as a matter of law because Martin failed to demonstrate that he was denied a constitutional right. Reasonable restrictions on a prisoner's right to send and receive mail do not result in a deprivation of First Amendment rights. See Thornburgh v. Abbott 490 U.S. 401, 407 (1989). While Martin asserted that the contents of the letter were vital to his own ongoing litigation, he failed to demonstrate any prejudice from the loss of the information. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 9
 Finally, we note that the court lacks jurisdiction to review the order taxing costs. That order was entered on January 17, 1991, after Martin filed his notice of appeal from the order granting summary judgment and dismissing all claims. A separate notice of appeal is required, see Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104-05 (1985), yet one has not been filed. Because the requirement for a timely notice of appeal is mandatory and jurisdictional, see Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983), the issue is not before the court.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation