977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas TESTA, Plaintiff-Appellant,
v.
Ruth Didonato TESTA, Defendant-Appellee.
 No. 91-1615.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's order dismissing the underlying complaint without prejudice. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Thomas Testa stated simply, "Defendant has denied plaintiff the right to a meaningful relationship with his children from 1982 to 1992." In his application for pauper status, he asserted that the action was brought in the nature of "diversity, habeas corpus, civil rights [and] child custody."
 
 
 3
 The district court granted the motion for pauper status and directed that the complaint be filed. The district court then determined that Testa presented no basis for federal review of a child custody dispute. The complaint was dismissed, and this appeal followed. Subsequently, the district court entered an order revoking pauper status and certifying that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a).
 
 
 4
 On appeal, Testa argues that the district court erred by determining that his appeal was not taken in good faith. Testa has also filed a petition in the Supreme Court for a writ of certiorari prior to judgment pursuant to Sup.Ct.R. 11 and 28 U.S.C. § 2101(e).
 
 
 5
 As a preliminary matter, we note that the scope of review on appeal is limited to consideration of the district court's dismissal of the underlying complaint. The court lacks jurisdiction to review the order denying pauper status and certifying that an appeal would not be taken in good faith. That order was entered June 5, 1991, after Testa filed his notice of appeal from the order dismissing his complaint. A separate notice of appeal is required, see Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104-05 (6th Cir.1985), yet one has not been filed. Because the requirement for a timely notice of appeal is mandatory and jurisdictional, see Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983), the issue is not before the court.
 
 
 6
 Moreover, it appears that the district court's certification order is not reviewable on appeal. See Fed.R.App.P. 24(a) advisory committee's notes. Rule 24(a) provides that the proper procedure for questioning the decision of the district court is the filing of a motion for pauper status with the court of appeals. See id. Testa did not file a motion for pauper status on the appeal pursuant to Fed.R.App.P. 24, but elected to pay the filing fee.
 
 
 7
 Upon review, we conclude that the complaint was properly dismissed. Fed.R.Civ.P. 8 requires a plaintiff to state grounds for jurisdiction. None of the grounds asserted by Testa establishes a basis for review in federal district court.
 
 
 8
 Testa is not entitled to proceed on the basis of diversity jurisdiction because he failed to identify an amount in controversy or the citizenship of the parties. See 28 U.S.C. § 1332. Additionally, a domestic relations exception to diversity limits review of child custody matters in the federal courts. See Hooks v. Hooks, 771 F.2d 935, 942 (6th Cir.1985).
 
 
 9
 Testa is not entitled to proceed under 28 U.S.C. § 1343. He did not plead that the denial of a protected interest resulted from the operation of state law or the conduct of a state actor. See 28 U.S.C. § 1343(a); 42 U.S.C. § 1983.
 
 
 10
 Finally, to the extent Testa sought relief through a writ of habeas corpus, the complaint was subject to summary dismissal. As noted by the district court, a writ of habeas corpus is available only to a person who claims to be held in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254.
 
 
 11
 Accordingly, the district court's order of dismissal without prejudice is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.