37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Reuben WILLIAMS, Plaintiff-Appellant,
v.
STATE FARM INSURANCE COMPANY; Gwendolyn Pierce, a/k/a
Gwendolyn Jones; Michael Corrigan; Law Offices of Canner
and Bloom; Robert A. Canner; Richard I. Bloom; Law
Offices of Drauhelis and Ashton; John Aston; Lamberto
Distefano; Deborah A. Tonelli; Joseph Conte; Law Offices
of Maddin, Hausner, Wartell, Roth, Heller and Pesse; Harvey
Heller; Julie Chenot Mayer; Law Offices of Romain,
Donofrio, Kuck and Egerer; Pat Donofrio; Law Offices of
Collins, Einhorn, Farrell and Ulanoff; Brian Einhorn;
Noreen L. Slank; Law Offices of Jacobs and Miller; Barry
H. Somlyo; John Engler, Governor; Frank J. Kelley,
Attorney General; Gary P. Gordon, Assistant State Attorney
General; Thomas G. Smith, Honorable; C. Charles Bokos,
Honorable, 18th Judicial District Court; Richard C.
Kaufman, Honorable; John H. Hauser, Honorable; Thomas
Brennan, Honorable; Pamela R. Hardwood, Honorable; John R.
Kirwan, Honorable; Marianne Battanni, Honorable; Samuel A.
Turner, Honorable; Maureen Pulte Reilly, Honorable;
Michael J. Kelly, Honorable; John H. Shepherd, Honorable;
Richard M. Maher, Honorable; Joseph B. Roman Gribbs,
Honorable; Michael F. Cavangh, Honorable; Charles L.
Levin, Chief Justice; James H. Brickley, Honorable;
Patricia J. Boyle, Honorable; Dorthy Comstock Riley,
Honorable; Robert P. Griffin, Honorable; Conrad L.
Mallett, Jr., Honorable, Defendants-Appellees.
 No. 94-1246.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Reuben Williams, a pro se Michigan resident, appeals a series of orders granting motions to dismiss or for summary judgment filed by some of the defendants, imposing sanctions, and enjoining him from filing further lawsuits against those defendants based on the same facts, in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Williams sought monetary relief in this action, alleging that the defendants, six law firms and various attorneys, numerous state officials and judges, and an insurance agency and its agents, had conspired to deny him equal protection and due process on the basis of his race. This action followed several filed in Michigan state courts, all arising out of an automobile accident in which Williams was injured. Three of the defendant law firms and attorneys moved for summary judgment or to dismiss, to impose sanctions, and to enjoin Williams from filing further such actions. After hearing oral argument on February 28, 1994, the district court granted the motions in a series of orders. Williams filed a notice of appeal the same day.
 
 
 4
 The district court denied a motion for pauper status on appeal. Williams then moved this court for pauper status. The motion was again denied. This court's order pointed out that an appeal would be frivolous because, to the extent the notice of appeal referred to the portions of the orders which granted dismissal or summary judgment jurisdiction was lacking, as fewer than all of the claims against all of the parties had been disposed of. See Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 62 (6th Cir.1986). Jurisdiction was also lacking as to an appeal of the portion of the orders which granted the motions for sanctions, as the amount to be awarded had not yet been determined. See Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1104-05 (6th Cir.1985). Finally, an appeal of the injunctive portion of the orders appeared to be frivolous, due to the history of vexatious litigation apparent from the record. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987).
 
 
 5
 Williams has now paid the filing fee and filed an appellate brief. The brief fails to address any of the deficiencies in the appeal pointed out in this court's prior order. Accordingly, for the reasons stated previously, the appeal is dismissed for lack of jurisdiction insofar as it is construed as appealing from the portions of the orders granting dismissal or summary judgment to the three law firms and attorneys and imposing sanctions in an amount to be determined. Williams has not raised any argument in his brief as to why the injunctive portion of the district court's orders is incorrect. He is therefore deemed to have waived appeal of that issue. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). The portion of the district court's orders enjoining Williams from filing further actions against the three law firms and attorneys based on the same facts is therefore affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation