Robert J. DENLEY, Plaintiff-Appellant,

v.

SHEARSON/AMERICAN EXPRESS, INC., and Malcom Bailey, Defendants-Appellees.

No. 83–5008.

United States Court of Appeals, Sixth Circuit.

Argued March 27, 1984.

Decided April 26, 1984.

D. Jack Smith, Jr. (argued), Robert D. Massey, Memphis, Tenn., for plaintiff-appellant.

Stephen H. Biller (argued), Heiskell, Donelson, Bearman, Adams, Williams & Kirch, Memphis, Tenn., for defendants-appellees.

Before KENNEDY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Robert J. Denley ("Denley") appeals from the District Court orders staying his action under the Commodity Exchange Act pending arbitration.

Denley's complaint alleged fraud, negligence, misrepresentation, and Commodity Exchange Act claims against his broker and his broker's employer. Denley alleged that the broker "churned" his account and

invested in highly speculative commodities futures when the broker knew Denley needed a stable investment, and Denley thereby lost $64,000 of his $93,000 life savings. Denley had signed an agreement with Shearson that provided that any dispute arising out of the agreement would be settled through arbitration.

On October 5, 1982 the District Court granted the defendants' motion to compel arbitration. On October 27, 1982, the defendants moved the court to clarify or amend its order, primarily seeking a ruling that the defendants could pick the arbitrators rather than the plaintiff as stated in the October 5 order. Also on October 27 Denley submitted a "petition for re-consideration," which Denley wrote pro se (although he had been represented by counsel) and sent directly to the District Judge rather than filing it with the clerk. In his petition Denley extensively argued the merits of his claim and the inconvenience of arbitration, and also raised the possibility that he had been fraudulently induced to sign the arbitration clause and that the wording of the clause did not comply with Commodity Futures Trading Commission regulations under the Commodity Exchange Act.

On November 26, 1982 the District Court entered another order reaffirming its order of October 5. The November 26 order did not alter or expand the October 5 order in any substantive respect. The November 26 order also stated that "any appeal made from this Order must be made within thirty (30) days of this Order." On December 22, 1982—within thirty days of the November 26 order but more than sixty days after the October 5 order—Denley filed a notice of appeal from both orders.

On December 27 Denley asked the District Court to either certify the arbitration question under 28 U.S.C. § 1292(b) or rule that the November 26 order was a final order and Denley's appeal was timely. On March 25, 1983, the District Court issued an order ruling that the November 26 order

was a final order and refusing to certify the question under 28 U.S.C. § 1292(b).

Before reaching the merits of Denley's case, we must first consider whether this appeal must be dismissed for want of appellate jurisdiction.

### 1. Appealability of October 5 Order

■ The October 5 order was not a final order under 28 U.S.C. § 1291, as it did not finally dispose of the case. Its effect was merely to stay the proceedings pending arbitration, after which further proceedings would be needed to enforce the arbitration award. It was, however, an appealable order under 28 U.S.C. § 1292(a)(1), which provides that orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" are generally appealable interlocutory orders. An "injunction" under this statute generally includes only orders granting all or part of the relief sought in the case. *See 9 Moore's Federal Practice* ¶ 110.20[1]. An exception is the *Enelow-Ettelson* rule, which provides that a stay of an action at law pending other proceedings is an appealable injunction. Although deriving from the distinction between law and equity (to allow presentation of an equitable defense in an action at law the chancellor must enjoin the proceeding at law pending the equitable proceeding), the Supreme Court has held that the *Enelow-Ettelson* rule has survived the merger of law and equity. *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). The rule's primary effect today is that orders granting or denying jury trials and orders concerning stays of legal actions pending arbitration are appealable. *See generally 9 Moore's Federal Practice* ¶ 110.20[3]. The Sixth Circuit has specifically held that a grant, *Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017 (6th Cir.1979), and a refusal, *Liskey v. Oppenheimer & Co.*, 717 F.2d 314 (6th Cir.1983), of a stay of an action for damages pending arbitration are appealable interlocutory orders. Denley's suit is an action for damages, so the District Court's October 5 order was an appealable interlocutory order under 28 U.S.C. § 1292(a)(1).

The appeal from that order was, however, not timely.

Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal must be filed within thirty days of the date of entry of the order appealed from. Denley's notice of appeal was filed seventy-eight days after the October 5 order. The thirty-day period is mandatory and jurisdictional and may not be extended for substantial compliance or otherwise. *E.g.*, *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Moorer v. Griffin*, 575 F.2d 87 (6th Cir.1978); *Schlink v. Chesapeake & Ohio Railway Co.*, 276 F.2d 116 (6th Cir.1960).

■ Federal Rule of Appellate Procedure 4(a)(4) provides that the filing of a timely motion for reconsideration will extend the period for filing an appeal until thirty days after the order disposing of the motion. Denley's pro se petition was considered a motion for reconsideration by the District Court, although never docketed. Reconsideration was not denied until November 26, within thirty days of the notice of appeal. However, in order to extend the time for appeal a motion for reconsideration must be timely. *Browder*, 434 U.S. 257, 264–65, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Schlink*, 276 F.2d 116, 117 (6th Cir.1960). Federal Rule of Civil Procedure 59(e) provides that such a motion must be brought within ten days after entry of the judgment. The October 27 motions were brought twenty-two days after the order appealed from, and were therefore untimely. That the District Court nonetheless considered the motion cannot affect the timeliness of the appeal; the District Court is without power to enlarge the time for making Rule 59(e) motions. Fed.R.Civ.P. 6(b). *See also, e.g.*, *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849 (7th Cir.1981); *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 154 (1st Cir.1980).

■ The District Court's pronouncement of November 26 that the appeal could be taken within thirty days of that date can also not be considered an extension of time in which to appeal under Federal Rule of Appellate Procedure 4(a)(5). An extension can be made only after a motion is filed within thirty days of the order and notice is given to the other party. Even if Denley's October 27 communication had asked for an extension, it would still have been insufficient because the other side was not given notice. In any event, the District Court may extend the time for appeal a maximum of thirty to forty days, and the notice of appeal in this case was forty-eight days late.

Had Denley been in a position to rely on the District Court's statement that he had thirty days after November 26 to appeal, the appeal might have been timely under *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). In *Thompson*, a motion for a new trial was made twelve days after the judgment, but the district court immediately told the movant that the motion had been made in time to suspend the appeal period. An appeal was taken within thirty days of denial of the motion for a new trial. The Supreme Court held that the appeal would be considered timely because the appellant had done something which would have extended the time for appeal if properly done, and relied on the district court's statement that it was done properly. The *Thompson* district court's statement that the appeal period had been suspended was made before the original thirty-day appeal period had expired. Denley, however, could not have relied on the District Court's ruling that the time to appeal ran until December 26. The District Court did not express its views until November 26, too late for Denley to have taken an appeal or asked for an extension. This case is essentially indistinguishable from *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). In *Browder* the defendant moved to stay a habeas writ twenty-eight days after it was granted, and the district court ruled that the motion was

timely twenty-one days after that. The Supreme Court held that the appeal filed after the eventual denial of reconsideration of the writ was untimely.

This Court is therefore without jurisdiction to consider the appeal of the October 5 order.

## 2. Appealability of the November 26 Order

■ The notice of appeal was filed within thirty days of the November 26 order. However, that order was not appealable.

In its March 25 order the District Court held that the November 26 order was a final order. The court cited *Rogers v. Schering Corp.*, 262 F.2d 180 (3d Cir.), *cert. denied*, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959). The District Court then found that:

> its Order to arbitrate, first issued on October 5, 1982, would not, in the normal course of procedure, be followed by another judicial order which would be required to carry the arbitration award into effect and, therefore, the Order to arbitrate is final. The only reason that this Court had to issue another order to arbitrate is that the plaintiff in this case, Robert Denley, has demonstrated an extraordinary tendency to protract the litigation in the instant lawsuit. The Court notes further, however, that the plaintiff's petition for reconsideration and the defendants' Motion to Alter or Amend, both dealt with by the Court in its Order of November 26, 1982, had the effect of making November 26, 1982, the operative date for determining the timeliness of the plaintiff's Notice of Appeal. This Court, therefore, concludes that its Order of November 26, 1982 is a "final judgment" from which an appeal as of right may be taken to the United States Court of Appeals for the Sixth Circuit ....

The District Court's reliance on the *Rogers* case was clearly misplaced. In *Rogers* the Third Circuit held that:

> It is settled that an order for arbitration is a final appealable decision where

it is not merely a step in the judicial enforcement of a claim nor auxiliary to a main proceeding but is the full relief sought.... Such cases are to be distinguished from those in which an order for arbitration is made in the course of a continuing suit for other relief.

262 F.2d at 182. The present case is clearly of the latter type; it is a suit for damages and if the arbitrator were to award damages further proceedings in the court would be necessary to collect those damages. The District Court apparently misconstrued the law to mean that the order was final as long as no other order was needed to effectuate the arbitration, rather than considering whether another order would be necessary to carry the arbitration award into effect. The November 26 order was not "final" under 28 U.S.C. § 1291.

If the November 26 order was appealable, it must be as an interlocutory order "refusing to dissolve or modify" an injunction appealable under 28 U.S.C. § 1292(a)(1). The October 5 stay was an "injunction" under this section, as discussed above, and the November 26 order refused to modify or dissolve it. However, courts have generally held that an order is not one refusing to dissolve or modify an injunction under this section unless new matter is presented to the court on a motion to dissolve or modify the injunction. *See 9 Moore's Federal Practice* ¶ 110.20[2]. The rationale for this rule was articulated by the Sixth Circuit in *Stiller v. Squeez-A-Purse Corp.*, 251 F.2d 561, 563 (6th Cir. 1958): section 1292(a)(1) "does not contemplate that a party may repeatedly move to dissolve an injunction, and, after repeated orders of denial, appeal from the last order of denial entered by the court." In *Stiller* the plaintiff twice asked the district court to rescind its injunction and appealed from the district court's second refusal. The Sixth Circuit noted that although the second request alleged that new evidence supported the plaintiff's position all of the "new" relevant evidence had been in existence before the court's first two rulings, and held that the second denial was not appealable. The appealability of the No-

vember 26 order in the present case is controlled by *Stiller*. Although Denley alleged in his petition for reconsideration that he had just become aware of various regulations he thought were applicable, the regulations did not constitute new evidence and were certainly in existence before the original October 5 order. Denley therefore never made a cognizable request for modification or dissolution of the stay and the November 26 order is not appealable.

Denley asks this Court to amend the District Court's order to add a certification of the question under 28 U.S.C. § 1292(b). The District Court expressly declined to make such a certification and this Court is without power to do so.

This Court is therefore also without jurisdiction to consider the appeal of the November 26 order.

Accordingly, the defendants' motion to dismiss the appeal is granted and the appeal is dismissed.