779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAUL P. BAKER, M.D., Plaintiff-Appellant,
vs.
CHAGRIN VALLEY MEDICAL CORPORATION, ET AL., Defendants-Appellees.
 85-3374
 United States Court of Appeals, Sixth Circuit.
 10/10/85
 
 APPEAL DISMISSED
 N.D.Ohio
 ORDER
 BEFORE: MERRITT, JONES, and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court upon defendants' motion to dismiss plaintiff's appeal from lack of jurisdiction, plaintiff's response in opposition, defendants' reply to the response, plaintiff's motion to strike defendants' reply, and defendants' response.
 
 
 2
 On March 22, 1985 the district court granted summary judgment for defendants on plaintiff's federal law claims and dismissed plaintiff's state law claims without prejudice. On April 4, 1985, thirteen days later, plaintiff filed a motion for a new trial pursuant to Rule 59, Federal Rules of Civil Procedure along with several other motions. The district court denied the motions on April 19, 1985. On May 6 plaintiff appealed.
 
 
 3
 Defendant's move to dismiss plaintiff's appeal on the basis that it was filed more than thirty days after the trial court's entry of judgment. In opposition, plaintiff argues that there are unique circumstances which excuse his late filing of the notice of appeal.
 
 
 4
 Upon consideration, we conclude that plaintiff's appeal must be dismissed. Failure to timely file a notice of appeal deprives the appellate court of jurisdiction. Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 264 (1978); Peake v. First National Bank and Trust Co. of Marguette, 717 F.2d 1016 (6th Cir. 1983). A Federal Rule of Civil Procedure Rule 59 motion for a new trial only tolls the time for filing a notice of appeal if it is filed within ten days of the entry of judgment. Rule 59(b), Federal Rules of Civil Procedure. An untimely Rule 59 motion does not affect the time for filing a notice of appeal. Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir. 1984). Since plaintiff's notice of appeal was late, this Court lacks jurisdiction to entertain the appeal.
 
 
 5
 Plaintiff refers to no facts which would cause application of the 'unique circumstances' doctrine established in Thompson v. INS, 375 U.S. 384 (1964) to his case. The failure of the district court to immediately notify plaintiff that his Rule 59 motion was untimely does not constitute a unique circumstance. See Denley v. Shearson/American Express, Inc., supra, 733 F.2d at 42. Accordingly, the motion to dismiss for lack of jurisdiction must be granted.
 
 
 6
 Plaintiff's motion to strike defendants' reply to his response must be denied. Accepting a reply is within this Court's discretion and does not violate the Federal Rules of Appellate Procedure or the Rules of the Sixth Circuit.
 
 
 7
 It is, therefore, ORDERED that defendants' motion to dismiss this appeal for lack of jurisdiction is granted. It is further ORDERED that the motion to strike is denied.