782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUIS SAMMARCO, Plaintiff-Appellant
v.
INTERNATIONAL BROTHERHOOD OF ELECTRIC WORKERS; ALBERT BYARS,
TRUSTEE; JACK SHANDS; MIKE ALBERTSON; FRANK GAVAROCK; SONNY
HAWKS; L. BEATY; NATIONAL ELECTRICAL CONTRACTORS
ASSOCIATION; MEMPHIS ELECTRICAL WORKERS HEALTH AND WELFARE
TRUST FUND; MARVIN COHEN, TRUSTEE; M. L. DUNAVANT, TRUSTEE;
LOUIS T. BARNES, TRUSTEE; A. B. HAINES, JR., TRUSTEE; AND
WILLIAM HEARN, TRUSTEE, Defendants-Appellees.
 84-6085, 85-5187
 United States Court of Appeals, Sixth Circuit.
 12/6/85
 
 ORDER
 BEFORE: ENGEL, KRUPANSKY and MILBURN, Circuit Judges.
 
 
 1
 The plaintiff has filed two appeals from the judgment dismissing his pro se civil action as untimely filed under the applicable statutes of limitations. The defendants have filed a motion to dismiss the appeal in Case No. 84-6085 on grounds of frivolity. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff is the former operator of an electrical contracting company which a Joint Labor-Management Committee found had violated a collective bargaining agreement. The district court granted enforcement of that decision in 1979 and the company agreed to a consent judgment requiring the company to comply with the terms of the agreement. Since that time, the union has filed several motions for contempt because of the company's continued failure to adhere to the terms of the consent judgment and/or efforts to avoid its obligations thereunder. One such finding of contempt was upheld by this Court in IBEW, Local 474 v. Sammarco Electric Co., No. 79-1518 (6th Cir. Unpublished Order of November 24, 1980).
 
 
 3
 The plaintiff filed this pro se action in August, 1984, against the union, the multi-employer association which negotiated and signed the collective bargaining agreement, a union trust fund, and officers of each. He generally alleged a denial of due process in the prior underlying litigation, tortious conduct by the union to enforce the bargaining agreement, and antitrust violations in the negotiation of the bargaining agreement. The district court perceived three separate causes of action. It first construed the claims as to the union's efforts to enforce the bargaining agreement as claims for unfair labor practices under Sec. 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185. It concluded these claims were barred either by the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), or by a Tennessee one-year statute of limitations, T.C.A. Sec. 28-3-104. It next concluded the claims of antitrust violations were barred by the four-year statute of limitations found in 15 U.S.C. Sec. 15b. Finally, to the extent the complaint alleged pendent state law claims for tortious conduct, the court found such claims 'patently frivolous' and dismissed them as such.
 
 
 4
 The district court entered a judgment embodying the above holdings on October 31, 1984. On the same day, the plaintiff filed and served a motion for reconsideration. While that motion was pending, he filed a notice of appeal on November 29, 1984, seeking appellate review of the judgment. That appeal was docketed with this Court as Case No. 84-6085. Following the district court's denial of the motion for reconsideration on February 8, 1985, the plaintiff filed a second notice of appeal on February 22, 1985. The second appeal was docketed with this Court as Case No. 85-5187. The two appeals were consolidated for purposes of briefing and submission to the Court.
 
 
 5
 As an initial matter, we conclude this Court lacks jurisdiction in Case No. 84-6085. The plaintiff's motion to reconsider, properly construed as a motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure, see Huff v. Metropolitan Life Insurance Co., 675 F.3d 119, 122 (6th Cir. 1982); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979); was timely served and therefore tolled the time for filing a notice of appeal until thirty days after the disposition of the motion. Rule 4(a)(4), Federal Rules of Appellate Procedure. See generally, Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir. 1984); Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1019 (6th Cir. 1983). Under Rule 4(a)(4), the notice of appeal filed on November 29, 1984 was therefore a nullity and gave this court no appellate jurisdiction. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 6
 The defendant's motion to dismiss Case No. 84-6085 for frivolity is thus rendered moot and may be denied as such. The Court notes, however, that motions to dismiss may be filed only on grounds this Court lacks appellate jurisdiction. Rule 8(a), Rules of the Sixth Circuit. The defendant's motion is in reality a motion for summary affirmance and is expressly prohibited under the same rule.
 
 
 7
 This Court does have appellate jurisdiction in Case No. 85-5187 to review the proceedings below. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed for such review. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 We have examined the record and the briefs filed by the parties herein. We conclude the district court did not err in dismissing the action for the reasons stated in its order of October 31, 1984. Although the district court did not address the defenses of res judicata and collateral estoppel also advanced by the defendants therein, we note that the present action appears to be an attempt to gain collateral review of the district court's prior decisions in the underlying labor litigation. The plaintiff should not seek to obtain by collateral means that which he has failed to seek or unsuccessfully has sought on direct appellate review. We further note he has a proper vehicle for raising the issues in the appeals in Cases Nos. 85-5961/5962 which were recently docketed in this Court.
 
 
 9
 It is ORDERED that the appeal in Case No. 84-6085 be and it hereby is dismissed for lack of appellate jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit. The defendant's motion to dismiss that appeal for frivolity is denied as moot.
 
 
 10
 It is further ORDERED in Case No. 85-5187 that the district court's judgment filed on October 31, 1985 dismissing the present civil action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.