815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernoy D. BOLLING, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-3835.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before ENGEL and GUY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of petitioner's motion to proceed in forma pauperis on appeal from the order of the Benefits Review Board which denied petitioner's "application to reopen" the case and set aside the Benefits Review Board's prior order that affirmed the finding of the administrative law judge that petitioner was not entitled to Black Lung benefits.
 
 
 2
 The order of the Benefits Review Board which affirmed the administrative law judge's decision that petitioner was not entitled to Black Lung benefits was entered March 31, 1986. Judicial review of that order would have been secured by the filing of a petition for review with this Court within 60 days of March 31, 1986-May 30, 1986. 33 U.S.C. Sec. 921(c). On May 21, 1986, the Benefits Review Board received a letter from petitioner (dated May 13, 1986) in which he specifically requested that his case not be closed. The Benefits Review Board construed this letter as a motion to reconsider and denied the motion by order of July 25, 1986. On August 29, 1986, the Benefits Review Board forwarded the letter of May 13, 1986 (and another letter from petitioner) to this Court and the case was opened September 11, 1986.
 
 
 3
 Appellant's letter of May 13, 1986, is an untimely motion to reconsider. 20 C.F.R. Sec. 802.407 requires a motion to reconsider to be filed with the Benefits Review Board within 10 days of the date of the order sought to be reviewed. The letter would have to have been received by the Board by April 14, 1986 (10 days from March 31, 1986, excluding weekends). Because the motion to reconsider is untimely, it did not toll the time for filing a petition for review. The petition for review would be due May 30, 1986, and the petition filed September 11, 1986, would be untimely. See Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984). The conclusion is proper even if the letter of May 13, 1986, is construed as the petition for review because that letter was filed with the Benefits Review Board. Rule 15(a), Federal Rules of Appellate Procedure, contains no provision that would enable this Court to back-date the letter/petition to the time it was received by the Board. Compare Rule 4(a), Federal Rules of Appellate Procedure.
 
 
 4
 Accordingly, this appeal is dismissed for lack of jurisdiction.