848 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WALBER CONSTRUCTION CO., Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
Samuel Pierce, Secretary.
 No. 87-1820.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motion to dismiss the appeal for lack of jurisdiction on the basis of a late filed notice of appeal. Appellant's response states that she timely filed her notice of appeal from the entry of the last order relevant to the appeal.
 
 
 2
 A review of the district court's record indicates that the district court judgment was entered on October 30, 1986. A Fed.R.Civ.P. 59(e) motion was served October 31, 1986, and tolled the appeals period. Fed.R.App.P. 4(a)(4). The time tolling motion was ruled upon by order entered December 11, 1986. Subsequent to the filing of the Fed.R.Civ.P. 59(e) motion served October 31, 1986, appellant filed several motions which sought further reconsideration of the final judgment. A motion for default judgment filed December 5, 1986, a petition for oral hearing on the defendant's motion for summary judgment filed May 26, 1987, and a motion to reconsider the district court's denial of the petition for oral argument filed June 18, 1987, were in essence successive motions for reconsideration and failed to toll the appeals period. See Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253 (6th Cir.1983) (per curiam), cert. denied, 469 U.S. 1221 (1985). Appellant's notice of appeal filed August 21, 1987, was 193 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Further, appellant has proceeded pro se in this appeal in the representation of her company, Walber Construction Co., since the withdrawal of her counsel on December 11, 1986, in violation of the rule of this circuit requiring that a corporation be represented by counsel in federal court. Doherty v. American Motors, Inc., 728 F.2d 334, 340 (6th Cir.1984).
 
 
 5
 It is ORDERED that the motion to dismiss be and hereby is granted. Rule 8, Rules of the Sixth Circuit.