857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ransom CHARLES, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Northpoint Training Center,
Respondent-Appellee.
 No. 88-5602.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellant's response to the court's July 13, 1988, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant's response states that he mistakenly believed the time for the running of his appeals period commenced on May 11, 1988. Appellant further argues that he failed to receive the district court's April 13, 1988, order denying his motion to reconsider.
 
 
 3
 A review of the record and the files indicates that a judgment was entered on February 22, 1988, denying Charles' petition for writ of habeas corpus. Petitioner sought reconsideration of that order in his Fed.R.Civ.P. 59(e) motion served upon the district court judge on February 26, 1988, and filed on March 1, 1988. That motion was denied by an order entered April 13, 1988.
 
 
 4
 Meanwhile, petitioner sought a "writ of prohibition" in the Sixth Circuit Court of Appeals in Case No. 88-8514 which was denied by an order entered May 11, 1988.
 
 
 5
 Petitioner's notice of appeal prepared May 18 and filed in the district court on May 20, 1988, sought to appeal a "denial entered in this action on May 11, 1988, pursuant to a 'Petition for Writ of Prohibition' filed with the U.S. Court of Appeals for the Sixth Circuit".
 
 
 6
 This court lacks jurisdiction in this appeal. The notice of appeal filed on May 20, 1988, does not seek to appeal a judgment of the district court. Fed.R.App.P. 3(a) and 3(c).
 
 
 7
 Even if the pro se petitioner's notice of appeal is construed as seeking review of the district court judgment denying his petition for a writ of habeas corpus, the notice of appeal was filed late. The judgment denying petitioner's motion for reconsideration was entered April 13, 1988. The notice of appeal filed in the Sixth Circuit on May 19, and in the district court on May 20, 1988, was six days late. Appellant's alleged failure to receive the district court's April 13, 1988, order does not excuse the late filing. A lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed. Fed.R.Civ.P. 77(d).
 
 
 8
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 9
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief District Judge for the Southern District of Ohio, sitting by designation