859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kush FRENCHMAN, M.D. and Rita Frenchman, M.D., Plaintiffs-Appellants,
v.
HOSPITAL CORPORATION OF AMERICA; Robert Cowden, M.D.; John
C. McAleavy; Barry Kramer, Crna; Thomas W.
Orcutt, M.D.; Thomas Shepherd; and
Donald W. Sailer, Defendants-Appellees.
 No. 87-5956.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Kush Frenchman, M.D., appeals an order denying his motion to dissolve an order granting a preliminary injunction entered by the United States District Court for the Middle District of Tennessee.
 
 
 2
 Kush Frenchman and his wife, Rita H. Frenchman, M.D., filed this action May 18, 1983 against the Hospital Corporation of America as owner and manager of the Hendersonville Hospital, and against several individuals employed there. Frenchman and his wife are both non-white Indians of Asian descent. They allege that the Hospital injured them by engaging in a number of racially discriminatory policies and practices. Specifically, Kush Frenchman alleges that the Hospital had been malicious and discriminatory in conducting an audit and review of his work and record when considering his reappointment to its medical staff.
 
 
 3
 On June 29, 1983 Frenchman moved for a temporary restraining order and a preliminary injunction enjoining the Hospital from taking any action with regard to Frenchman's employment status and from disseminating unfavorable information about him.
 
 
 4
 On August 3, 1983, the district court filed a consent order enjoining the Hospital from taking adverse administrative action against Kush Frenchman and from disseminating unfavorable information about him. The order also enjoined Frenchman from exercising his staff privileges at the Hospital.
 
 
 5
 On October 12, 1983, the district court entered an extension of the order issued on August 3rd. It also ordered the consolidation of the hearing on the preliminary injunction with a scheduled trial on the merits.
 
 
 6
 Frenchman did not move to dissolve that portion of the order preventing him from exercising his practice privileges at Hendersonville Hospital until April 29, 1986. On that date Frenchman also moved to withdraw his motion for a preliminary injunction.
 
 
 7
 On October 8, 1986, the court entered an order denying Frenchman's motion to dissolve part of the existing temporary restraining order. The court also denied his motion for withdrawal of his motion for a preliminary restraining order. The court found that "the public interest in insuring that health care is provided in a harmonious hospital setting requires that the arrangement agreed to by the parties in 1983, to which the Court agreed, continue in force until the trial of this matter." Despite this order, on May 6, 1987, Frenchman again filed a notice of withdrawal of his motion for a preliminary injunction. The district court summarily denied this motion in an order dated July 2, 1987. It is from this order that Frenchman takes this appeal.
 
 
 8
 The Hospital argues that this Court lacks jurisdiction over the appeal because it was not timely filed. The Hospital notes that an order granting an injunction is appealable under 28 U.S.C. Sec. 1292(a)(1). Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, however, a notice of appeal must be filed within 30 days of the date of entry of the order being appealed. Rule 4(a)(4) provides that the filing of a motion for reconsideration will extend the period for filing an appeal until 30 days after disposition of the motion for reconsideration. Under Rule 59(e) of the Federal Rules of Civil Procedure a motion for reconsideration must be filed within 10 days of the entry of the judgment.
 
 
 9
 The Hospital argues that because the order was entered in August of 1983 and Frenchman did not properly seek to reconsider and did not appeal any order of the district court until July 1987, this appeal is untimely. We agree. Frenchman asserts that the October 1983 order, continuing the August 1983 order, was not appealable. Unfortunately, he is unable to articulate why this is so. Even if the October, 1983 order was not appealable, for whatever reason, Frenchman should have appealed the order denying his motion to summarily dissolve the temporary restraining order entered October 8, 1986. He did not. Because he did not, this Court is without jurisdiction.
 
 
 10
 The Hospital argues that an appeal from an order refusing to dissolve or modify an injunction is proper only where there has been some showing of changed circumstances, citing Denley v. Shearson/American Express, 733 F.2d 39 (6th Cir.1984). The Hospital argues that Frenchman has failed to make such a showing. The only changed circumstance made clear by Frenchman's brief and his reply brief is that he is no longer satisfied with the state of affairs maintained by the injunctive order of 1983. Apparently this dissatisfaction is related to Frenchman's inability to exercise hospital staff privileges at Hendersonville Hospital. Frenchman argues for a narrow application of Denley. He argues that it should be applied only to prevent abuse of the appellate process under 28 U.S.C. Sec. 1292(a)(1). He further contends that this appeal is not such an abuse so that Denley does not apply.
 
 
 11
 We do not believe that Denley should be read so narrowly. However, even if the holding in Denley were that narrow, Frenchman would still be barred from making this appeal. This is so because "section 1292(a)(1) 'does not contemplate that a party may repeatedly move to dissolve an injunction, and, after repeated orders of denial, appeal from the last order of denial entered by the court.' " Denley v. Shearson/American Express, Inc., 733 F.2d 39, 43 (6th Cir.1983) quoting Stiller v. Squeeze-A-Purse Corp., 251 F.2d 561, 563 (6th Cir.1958).
 
 
 12
 The appeal is dismissed because we lack jurisdiction.