863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orbain OWENS, Plaintiff-Appellant,
v.
Wanda LEAKE, Nurse; Sue Hayes; Teddy Hatley; Brenda
Jones, Cpl.; Barbara Nichols, CO-1, Defendants-Appellees.
 No. 88-5830.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 Before ENGEL, Chief Judge, and WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's September 15, 1988 order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 It appears from the record that an order denying appellant's motion for preliminary injunction and/or temporary restraining order was entered on June 17, 1988. Appellant served a motion for reconsideration on July 5, 1988. This motion did not toll the appeals period because it was not served within ten days of the order. Fed.R.Civ.P. 59(e). The motion was denied, and a notice of appeal was filed on July 28, 1988. This notice was ten days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 Appellant states in his response that he did not receive the court's June 17 order until June 21, 1988, and that service of his 59(e) motion was late because he was unable to have it notarized for 15 days due to his placement in administrative segregation. Because service of the motion was untimely, the appeals period was not tolled and the notice of appeal was filed ten days late.
 
 
 4
 This court lacks jurisdiction in this appeal. Motions are not required to be notarized. See Fed.R.Civ.P. 11. Thus, lack of notary service should not have prevented appellant from timely serving his motion for reconsideration. Moreover, the notice of appeal fails to allege excusable neglect or good cause for either the untimely filing of the 59(e) motion or the appeal.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Moreover, a review of appellant's original motion for preliminary injunction and/or temporary restraining order reveals that the denial of this motion posed no serious or irreparable consequences that could only be effectively challenged by immediate appeal. Thus, the order appealed from is considered interlocutory, and non-appealable. See Bradley v. Milliken, 772 F.2d 266, 270-71 (6th Cir.1985) (quoting Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981)).
 
 
 7
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.