863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lavann HUGHEY-BEY, Plaintiff-Appellant,
v.
Perry JOHNSON; Bob Brown; Anthony Balice; Mr. Abbey;
John Kennedy; John Prelsnik; John Jabe; Dale Foltz; Dr.
Jay K. Harness; Dr. Kenneth Cole; Dr. Dean Reiger; Dr.
R.G. Huff; Gary Wells; Dennis Straub, Defendants-Appellees.
 No. 88-1831.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's October 7, 1988 order directing him to show cause why his appeal should not be dismissed of lack of jurisdiction. He has also submitted motions for appointment of counsel and to stay the judgment of the district court pending appeal.
 
 
 2
 A review of the record indicates that that appellant seeks to appeal a judgment entered by the district court on June 15, 1988. Pursuant to Fed.R.App.P. 4(a), a notice of appeal was required to have been filed within 30 days, i.e., by July 15, 1988. Appellant served a motion for reconsideration on June 30, 1988. The motion was untimely because it was not served within ten days of the judgment as computed by Fed.R.Civ.P. 6(a). Therefore, the motion for reconsideration did not toll the time to file the notice of appeal. Appellant filed the notice of appeal on August 4, 1988, twenty days late. Appellant states in his response that his notice of appeal was not filed on time because his attorney was incompetent. The record reveals, however, that the appointed trial attorney informed appellant of the applicable time frame pursuant to Fed.R.App.P. 4(a).
 
 
 3
 This court lacks jurisdiction in this appeal. The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the motions for appointment of counsel and to stay the district court's judgment pending appeal are hereby denied and the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.