865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Levert K. GRIFFIN, Plaintiff-Appellant,
v.
Thomas STUTLER, David Troutman, Defendants-Appellees.
 Nos. 88-3936, 88-4003, 88-4010, 88-4046, 88-4048, 88-4101
and 88-4104.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1988.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 A review of the files indicates that the judgment of the district court dismissing appellant's 42 U.S.C. Sec. 1983 civil rights complaint was entered September 30, 1986. This court affirmed the district court decision on August 27, 1987 (appeal number 87-3121). A second notice of appeal filed on August 24, 1987 (appeal number 87-3822) was dismissed on October 5, 1987, for lack of jurisdiction. On December 2, 1987, the district court denied a motion to reconsider which was filed the same date. Appellant filed a notice of appeal on January 6, 1988 (appeal number 88-3021) which was dismissed for lack of jurisdiction on June 21, 1988. His amended notice of appeal filed on June 1, 1988 (appeal number 88-3508) was dismissed for lack of jurisdiction on August 16, 1988. Appellant continued to file motions in the district court. On September 27, 1988, he appealed the September 7 and September 13, 1988, orders denying his motion for access to the courts and for protective orders (appeal number 88-3936). On October 27, 1988, he appealed from the October 13, 1988, order denying his motions for inordinate delay, transcripts and medical records (appeal number 88-4003). He filed a second notice of appeal on October 27, 1988, from the October 19, 1988, order denying a stay of execution of a sentence pending a preliminary injunction in the 9th Judicial District Court of Appeals (appeal number 88-4010). On November 8, 1988, he appealed from the October 31, 1988, order denying his motion for a grievance (appeal number 88-4046). He also appealed on November 14, 1988 from the November 7, 1988, order denying various motions to amend (appeal number 88-4048). He appealed on November 22, 1988, from the September 30, 1986 district court decision (appeal no. 88-4101). His November 28, 1988, appeal was filed from the November 14, 1988, district court order denying a motion to compel further statement of claim in appeal no. 87-3121 which was decided by this court on August 27, 1987 (appeal no. 88-4104).
 
 
 4
 This court lacks jurisdiction in appeal numbers 88-3936, 88-4003, 88-4010, 88-4046, 88-4048, 88-4101 and 88-4104. The decision of the district court was entered September 30, 1986 and any notice of appeal from that decision was due to be filed on or before October 31, 1986. Fed.R.App.P. 4(a) and 26(a). The district court lacks jurisdiction to consider the appellant's attempts to have it reconsider its decision. The time has passed for the filing of time-tolling motions filed pursuant to Fed.R.Civ.P. 50(b), 52(b), or 59. The time has also passed for the filing of a Fed.R.Civ.P. 60(b) motion for relief from judgment. The successive motions which essentially requested reconsideration did not toll the appeals period. Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253 (6th Cir.1983) (per curiam), cert. denied, 469 U.S. 1221 (1985). An order denying a motion for reconsideration is not appealable. Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976); Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78 (6th Cir.1973).
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 It is ORDERED that appeal numbers 88-3936, 88-4003, 88-4010, 88-4046, 88-4048, 88-4101 and 88-4104 be and hereby are dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. The appellant is hereby warned that any further litigation on this issue will result in the imposition of sanctions under Fed.R.App.P. 38.
 
 
 
 *
 The Honorable Richard Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation