875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Omar Ben HASSAN, Plaintiff-Appellant,
v.
GROVE PRESS; Ballantine Books, Defendants-Appellees.
 No. 89-1291.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's motion for appointment of counsel and his response to this court's April 6, 1989, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. He alleges that he did not think the district court's January 17, 1989, document was a decision; he did not think a case could be decided without a hearing; and he thought he had 30 days from the entry of sanctions to appeal the final decision.
 
 
 2
 A review of the record indicates that the district court entered a memorandum opinion and a separate order of dismissal on January 17, 1989. Those documents also directed that a hearing be held to determine the appropriateness of sanctions under Fed.R.Civ.P. 11 for filing a frivolous action. On February 1, a hearing was held before Magistrate Scoville and an order entered imposing sanctions against the appellant in the amount of $50.00. Reconsideration of the sanction order was sought and denied. Appellant appealed on February 28, 1989, from the dismissal of the case by Judge Bell. This filing occurred 12 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. A decision is deemed final for purposes of appeal if it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981); Catlin v. United States, 324 U.S. 229, 233 (1945); Youghiogheny & Ohio Coal Co. v. Baker, 815 F.2d 422, 424 (6th Cir.1987); Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir.1986). The January 17 memorandum and order decided the issues presented to the district court. None of the time-tolling motions enumerated in Fed.R.App.P. 4(a)(4) were filed as to the January 17, 1989, decision.
 
 
 4
 It is ORDERED that the motion for counsel be denied and the appeal be dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.