876 F.2d 103
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J & K HOME IMPROVEMENT COMPANY, INC.; Lenvill Spencer,
Plaintiffs-Appellants,
v.
Landis SLONE; Leisha Slone; County District Judge
Elsworth; Ohio Casualty Group; Lowes Lumber, Pikeville,
Kentucky; Bluegrass Insurance Agency, Lexington, Kentucky;
Ohio Casualty Group Insurance, Hamilton, Ohio; Malempati,
Dr., Pikeville, Kentucky; Pike County Sheriff, Pikeville,
Kentucky; Evin M. Noland; Kathleen F. Buyer, Frankfort,
Kentucky; Ruby Riley; Lynn Combs, Pikeville, Kentucky;
Family Federal Savings & Loan, Pikeville, Kentucky; County
Attorney Pikeville, Kentucky; Steiners Leasing Company,
Defendants-Appellees.
 No. 89-5408.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1989.
 
 1
 Before RALPH B. GUY and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 This court entered an order on April 14, 1989, directing the appellants to show cause why the appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. No response was filed to the April 14 order.
 
 
 3
 A review of the record indicates that a permanent injunction was entered on July 29, 1985, prohibiting Lenvill Spencer from filing any pleadings against the defendants named in the action. The permanent injunction was affirmed on January 10, 1986, in appeal No. 85-5792. In 1986, Spencer tendered documents for filing in the district court. By order filed November 30, 1988, it was ordered that the permanent injunction remain in full force and effect and the tendered documents were returned to Spencer. On April 3, 1989, Spencer appealed from the permanent injunction.
 
 
 4
 The April 3, 1989, notice of appeal was filed outside the 30-day appeal period. Fed.R.App.P. 4(a) and 28(b). The permanent injunction was filed July 29, 1985, and the order refusing to dissolve the permanent injunction was entered November 30, 1988.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation