880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis B. JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5512
 United States Court of Appeals, Sixth Circuit.
 July 27, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's May 4, 1989, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. His response states that his mail was delayed because he was transferred to a different penal institution, mail delays were experienced at the institution, he relied on legal advice given by fellow inmates, and that he is ill and of advanced age.
 
 
 2
 A review of the record indicates that appellant filed a 28 U.S.C. Sec. 2255 motion to vacate on September 23, 1988. On November 2, 1988, a change of address was filed for the appellant. The decision of the district court was entered January 19, 1989, and appellant's motion for reconsideration was served February 20, 1989, and filed February 23, 1989. Reconsideration was denied by order entered March 17, 1989. Appellant appealed on April 12, 1989, from the decision entered January 19, and the order denying reconsideration entered March 17.
 
 
 3
 This court lacks jurisdiction in the appeal. An appeal period is tolled by a timely time-tolling motion enumerated in Fed.R.Civ.P. 4(a)(4). In order to have tolled the appeal period in the instant case, the Fed.R.Civ.P. 59(e) motion for reconsideration was required to be served within ten days after the entry of the decision as calculated pursuant to Fed.R.Civ.P. 6(a). McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 n. 1 (6th Cir.1989). The tenth day was February 2, 1989. The motion for reconsideration was served on February 20, 1989, and failed to toll the appeal period. The portion of the April 12, 1989, notice of appeal as it applies to the January 19, 1989, final decision is twenty-three days late. Fed.R.App.P. 4(a)(1) and 26(a). The remaining portion of the notice of appeal sought to review the order denying reconsideration. An order denying reconsideration is not appealable. Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976); Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.