886 F.2d 1317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis E. WILLIAMS, Plaintiff-Appellant,
v.
Anthony PALMER, Elton Scott, Perry M. Johnson, Defendants-Appellees.
 No. 89-2076.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the documents before the court indicates that the September 11, 1989, notice of appeal from the district court's judgment entered March 30, 1989, was 133 days late. Fed.R.App.P. 4(a) and 26(a). However, in the notice of appeal appellant alleges that he mailed a notice of appeal to the district court judge on April 10, 1989, but such document was never filed.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 It is ORDERED that this appeal be, and it hereby is dismissed for lack of jurisdiction because of a late notice of appeal. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 5
 It is further ORDERED that the district court search its records for the April 10, 1989, notice of appeal and, pursuant to Fed.R.App.P. 10(e), correct its records, if appropriate, by recording the alleged notice of appeal and forwarding it to this court as required by Fed.R.App.P. 3.