915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold D. MACKEY, Plaintiff-Appellant,
v.
STATE OF MICHIGAN, Donald Halstead, John Foley, Ronald
Kirshman, Marie Johnson, Wayne Householder, City of
Kalamazoo, Kalamazoo Dept of Public Safety, John Ross,
Edward Edwardson, Glen Nevell, Susan Mayo, Ray Ampey,
Township of Kalamazoo, Richard Butler, Michael Szekely;
Kalamazoo Township Police Department, County of Kalamazoo,
Kalamazoo County Sheriff Department, Kalamazoo County
Prosecutors Office, City of Portage, James Gregart, Nick
Regas, Tom Edmonds, Mike Anderson, Ron Kirshman, Michelle
Wright-Anderson, Susan Blodget, David G. Butler, Tom
Hranilovich, David Hickok, M.D., Kalamazoo Psychology,
Gallagher & Child Guidance Clinic, Family and Childrens
Services Inc., John T. Gallagher, Defendants-Appellees.
 No. 90-1516.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motions to dismiss the appeal for lack of jurisdiction on the basis of a late notice of appeal. The appellant has not responded.
 
 
 2
 A review of the record indicates that the final order was entered November 27, 1989. The plaintiff served a motion for reconsideration on December 22, 1989. Such motion did not toll the appeal period as it was not served within ten days of entry of judgment as computed pursuant to Fed.R.Civ.P. 6(a). On January 16, 1990, the district court denied the motion for reconsideration. Thereafter, on April 10, 1990, plaintiff filed a motion for extension of time to file a notice of appeal. The district court denied that motion by order entered May 4, 1990. No new notice of appeal was filed from the denial of extension of time.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit.