933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald CROCKETT, Plaintiff-Appellant,
v.
EXXON MARKET GAS STATION, et al., Defendants-Appellees.
 No. 91-5152.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's March 12, 1991, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. Appellant's response argues the merits of his appeal and states that he did not have the legal knowledge to proceed with the appeal and seek an extension of time. Appellant has also filed a motion for leave to proceed on appeal in forma pauperis.
 
 
 2
 It appears from the record that the judgment was entered September 29, 1989. Any notice of appeal was due to be filed on or before October 30, 1989. See Fed.R.App.P. 4(a) and 26(a). On July 26, 1990, appellant sought a certificate of probable cause which was denied by order entered on September 18, 1990. On October 3, 1990, he sought an extension to respond to the September 18 order which was granted on October 11, 1990. A motion to go forward was filed November 1, 1990. The district court treated the November 1, 1990, motion as a motion to reconsider the September 18 order and denied such motion by order entered on December 6, 1990. On January 29, 1991, appellant filed a notice of appeal from the December 6, 1990, order and stated that the November 1, 1990, motion to go forward was actually a notice of appeal. The notice of appeal filed on January 29, 1991, was over one year late. Fed.R.App.P. 4(a) and 26(a). Even if the motion to go forward were treated as a notice of appeal, such notice of appeal was also over one year late.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the motion for leave to proceed on appeal in forma pauperis be denied and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit.